# MATEO FAJARDO, Plff.

*v.*

# SUCRERIE CENTRAL COLOSO, A Corporation, Dft.

---

San Juan, Law, No. 1161.

Attachment—Intervention.

    1. A person alleging himself to be the legitimate owner of a property about to be attached has a right to intervene in the attachment proceedings.

Attachment—Petition—Statement of Fact and Law.

    2. The provision of § 3 of the Law to Secure the Effectiveness of Judgments, which requires that the petition should contain a statement of the facts and of the law, disappeared by virtue of the amendment of 1916.

---

Note.—On right of third person who claims property to intervene in attachment proceedings, see note in 23 L.R.A. (N.S.) 536.

Fajardo v. Sucrerie Central Coloso.

Attachment—When May Be Had.

    3. The provisions of the Law to Secure the Effectiveness of Judgments apply to all obligations, whether arising out of contract or tort.

Attachment—Bond.

    4. When it is doubtful whether or not the complaint in the action sets forth a sufficient cause of action, the attachment will be allowed, as the party seeking the attachment must give bond to answer for any damages caused by the attachment.

Opinion filed October 30, 1916.

HON. EMILIO DEL TORO, Special Judge, delivered the following opinion:

This is a case to secure the effectiveness of a judgment prayed for in accordance with the Act to Secure the Effectiveness of Judgments, passed by the Legislative Assembly of Porto Rico in 1902, and amended by the same in 1903 and 1916.

The petition having been filed on the 25th of October instant, the undersigned was appointed special judge according to law, and having the required oath of office on the 27th of October, fixed that same day, at 2 o'clock in the afternoon, for hearing the petitioner. On said day and hour the petitioner appeared through his attorney, and upon the commencement of the hearing the defendant, through his counsel, filed a writing opposing the petition, and Sucezores de Bianchi, a partnership of the city of Mayaguez, Porto Rico, also in writing and through its attorney, asked for permission to intervene for the purpose of opposing the securance, alleging under oath that it was the actual owner of the property which the plaintiff sought to attach in this case. The plaintiff opposed both of these petitions, and

Fajardo v. Sucrerie Central Coloso.

the case remained submitted to our consideration for the rendition of the proper resolution.

1. It is evident, in our judgment, that the defendant can oppose the securance of effectiveness of judgment. And it is also evident, that a person, natural or juridical, alleging to be the legitimate owner of the property whose attachment is sought, has a right to intervene to defend its interests. The courts should always be open to those who come to them for justice; and the sooner that it is asked for, the easier it is to give it or guarantee that it will be finally given.

2. Defendant attacks the petition of securance of judgment on defect of form. Such defect does not exist. The provision of § 3 of the law (5235 of the Compilation) to the effect that the points of fact and of law should be stated, disappeared by virtue of the amendment of 1916. See Law No. 27, 1916, § 1.

3. The defendant alleges besides "that the action brought by plaintiff in this case is not one for the fulfilment of any obligation, and therefore is not one which should be properly included in §§ 369 and 370 of the Revised Statutes of Porto Rico." Sections 5233 and 5234 of the Compilation. The said law is so broad in its provisions that very rarely may a case be found in which the name may not be applied in some way. We agree with defendant in saying that the case of the plaintiff is not included in the commencing subdivisions of § 2 of the law (370 of the Revised Statutes, and 5234 of the Compilation of 1911), but we are of opinion that it is so included within the general provisions of § 1 and of subdivision (h) of § 2. It may be seen by the following jurisprudence, how the Supreme Court of Porto Rico has construed the extent of the law in question. "Every person who by judicial proceedings demands

Fajardo v. Sucrerie Central Coloso.

the fulfilment of an obligation may apply for and obtain from the court a precautionary measure to secure the effectiveness of the judgment which may be rendered therein, whatever the nature of such obligation." Sobrinos de Ezquiaga v. Munitiz, 8 P. R. R. 409. "The 'Act to Secure the Effectiveness of Judgments,' approved March 1, 1902, applies to all obligations, whether arising out of a contract or a tort." Le Hardy v. Gill, 16 P. R. R. 645.

4. The defendant also maintains that the complaint does not contain sufficient cause to guarantee the allowing of the securance of the judgment. This is undoubtedly the strongest contention of defendant. However, we do not think that this is the proper moment to pass upon the question arisen, to its full extent. The measure adopted by a judge in decreeing the securance, requiring a bond to guarantee the payment of the damages that may be occasioned by it, does not, in any sense, prejudice the opinion that the judge may later maintain with reference to whether the complaint alleges or not facts sufficient to constitute a cause of action. As to the rights alleged by Sucezores de Bianchi, we think that they will be sufficiently guaranteed for the present, if we provide that the bond guarantee the payment of the damages that they may sustain on account of the securance. We are acting under subdivision (h) of § 2 of the law; and it seems to us that this is the proper solution for, without denying our protection to the rights of the plaintiff, securing the interests of the defendant and of the intervener. The bond to be furnished by petitioner as a prerequisite for the securance should be sufficient to guarantee all the damages that may be caused by such measure, to the defendant as well as to the intervener. Plaintiff claims over $500,000. In conformity

with the law, not only should the attachment of sufficient property to secure said sum be decreed, but also the prohibition of alienation of the property attached, and though it is clear that if such property has been already sold, the attachment would be void, and the order prohibiting the alienation would be impossible to fulfil, it is nevertheless true that, taking into consideration the circumstances surrounding this case, the execution of public instruments between defendant and intervener being yet pending, as has been alleged, the damages that may be occasioned to both by virtue of the order of attachment and prohibition to alienate would be serious.

In consideration of this, we are of opinion that the bond to be furnished by petitioner should not be less than $100,000.